**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1723
_____

TYREE TYQUAN MOY,
                              Appellant

v.

KEVIN DEPARLOS; BRAD SHOEMAKER; RYAN BARNES; DOCTOR KEENAN;
HARRY ENTZ; KIM POORMAN; MAYLEEN MURPHY; ERIN DOSVACK; AISHA
GLOVER; ANDREA HOOVER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-01575)
District Judge:  Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed May 30, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Tyree Moy appeals pro se from the District Court's order granting summary judgment for the defendants. For the reasons that follow, we will affirm.

On November 29, 2017, Moy entered Lycoming County Prison ("Lycoming County") as a pretrial detainee. In his operative amended complaint, Moy raised a slew of claims against prison medical staff, several of which challenged the medical care he received for a preexisting retinal detachment. The District Court granted summary judgment in favor of the medical defendants. Moy timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We may affirm a District Court's ruling on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We exercise plenary review over a District Court's order granting summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is warranted if defendants show "there is no genuine dispute as to any material fact and [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

There is some question as to which legal standard applies to Moy's medical-needs claim. Although pretrial detainees' constitutional claims arise under the Due Process

---

[1] In his brief, Moy argues that the prison medical staff left him in distress on the floor at an unspecified date and time. See C.A. No. 13 at 3. Moy has forfeited this claim because he failed to properly develop it on appeal. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). And, more generally, we will address only those issues he has raised in his brief. Moy also makes passing reference to an ADA claim, see C.A. No. 13 at 4, but because he failed to raise that claim below, we will not consider it on appeal. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021) ("It is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review.").

clause, we have traditionally assessed their medical-needs claims under the Eighth Amendment's familiar two-prong inquiry – i.e., whether the medical needs are objectively serious, and whether the prison medical staff acted with deliberate indifference in treating such needs.  See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581–82 & n.5 (3d Cir. 2003).  However, in Kingsley v. Hendrickson, a case involving a pretrial detainee's excessive force claim, the Supreme Court determined that a detainee only needed to show that the use of force was objectively unreasonable.  576 U.S. 389, 396–97 (2015).  Since Kingsley, courts have reached conflicting conclusions about whether that objective-only inquiry applies with equal force to a pretrial detainee's medical-needs claim.  See Helphenstine v. Lewis Cnty., Ky., 60 F.4th 305, 316 (6th Cir. 2023) (collecting cases and noting that courts are "all over the map" on the issue of whether and to what extent Kingsley applies to a pretrial detainee's medical-needs claim).  We need not resolve this issue, however, because Moy's medical-needs claims fail under any conceivable standard.  On this record, it is clear that the prison physician (Dr. Keenan), and the prison nurses provided constitutionally adequate care.

Moy's retinal detachment occurred in August 2017, months before he was incarcerated at Lycoming County.  That month, Moy received a globe repair surgery at Geisinger Medical Center and met with ophthalmologist Dr. Spencer Onishi for additional treatment.  Although Moy was scheduled for two surgeries at Geisinger in September 2017, he did not show up for either surgery.  Within weeks of Moy's November 29 incarceration at Lycoming County, Dr. Keenan had reviewed Moy's Geisinger medical records, and the medical staff scheduled a consult appointment with

3

Dr. Onishi for January 23, 2018. During that consult visit, Dr. Onishi recommended a vitrectomy surgery, which was scheduled for February 21, 2018. At Geisinger, Moy decided to cancel the surgery due to the risk of vision loss that attended the procedure. The record thus establishes that the medical defendants provided Moy with access to treatment, which he rejected on his own volition. Nothing suggests that the proffered treatment was inadequate to treat Moy's condition. See generally Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017) (courts presume that medical care is adequate absent evidence that it violated professional standards of care).

Relatedly, Moy also argued he was deprived of proper medical care when Dr. Keenan failed to prescribe him with eyedrops (Ocuflox, Pred Forte, and atropine) during a three-month timespan (November 29, 2017 until February 22, 2018). Although Dr. Onishi had prescribed these eyedrops in August 2017, the record shows that Dr. Keenan's decision not to prescribe them was based on reasoned medical judgment. In particular, Dr. Keenan explained that the three prescriptions are generally considered short-term medications, ECF No. 118, Exh. C at ¶¶ 26-28, which comported with the fact that Dr. Onishi had provided limited or no refills, id. at ¶¶ 28-29, 47; Pred Forte's long-term consequences included vision loss, id. at ¶ 51(k); and, the eyedrops could not cure Moy's retinal detachment (surgery was the only curative procedure), id. at ¶ 30. Indeed, when Dr. Onishi first saw Moy after Moy's incarceration, he did not prescribe these eye drops, either. Under these circumstances, no reasonable juror could find that Moy received inadequate medical care when Dr. Keenan declined to prescribe the eyedrops. Judgment in Dr. Keenan's favor was proper.

4

Moy also argues that he received inadequate medical care when the Lycoming County nurses administered eyedrops to him without wearing gloves and with nail polish on their nails which resulted in an eye infection. See C.A. No. 13 at 3. The District Court determined that Moy failed to exhaust his administrative remedies for this claim. See ECF No. 140 at 21-22. On appeal, Moy did not challenge the District Court's exhaustion determination, and has consequently forfeited any challenge to the District Court's dispositive rationale. See supra n.1.

Next, Moy, who suffers from an onion allergy, contends that the Lycoming County nurses failed to properly treat him after he ate onions on three occasions (once in January 2018 and twice in June 2018). As the District Court noted, the January 2018 claim fails based on lack of personal involvement. Moy lodged that complaint against Nurse Dvorscak but the uncontroverted evidence shows that she was not working when Moy sought treatment for his allergic reaction. See Rode v. Dellarciprete, 845 F.2d 1195, 1207–08 (3d Cir. 1988). Turning to the June 2018 incidents, the District Court determined that Moy failed to exhaust his administrative remedies for those claims. ECF No. 140 at 21. Moy has forfeited any challenge to that ruling on appeal, because he did challenge the District Court's exhaustion ruling in his appellate brief.

Finally, Moy's claim that Nurse Dvorscak inadequately treated him after he choked on a chicken bone lacks merit. On January 21, 2018, Moy choked on a chicken bone around 11:20 a.m. but Nurse Dvorscak did not learn about the incident until 3:30 p.m., when Moy presented to the clinic for an unrelated nebulizer treatment. She could not have treated Moy any earlier because she was unaware of his injury. Furthermore,

during Moy's visit, Nurse Dvorscak noted that Moy was not in respiratory distress, and she did not observe him coughing up blood or showing other symptoms displaying a serious medical need. Because nothing suggests that Nurse Dvorscak inadequately treated Moy, judgment in her favor was proper.

For these reasons, we will affirm the District Court's judgment. Based on the disposition of this appeal, Moy's third motion to appoint counsel is denied.[2] See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

---

[2] In his brief, Moy seems also to claim that he needed an attorney in the District Court proceedings due to his vision issues. See C.A. No. 13 at 6. Although Moy filed a pro se complaint, he had counsel during discovery. After discovery closed (but before the deadline for filing dispositive motions had elapsed), Moy's counsel withdrew, citing irreconcilable differences and Moy's desire to represent himself. ECF No. 89. The District Court did not err in failing to appoint new counsel.